IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRUCE TRUDO and JOSEPH J. JACKSON | § § § | |
| V. | § § | A-11-CA-750 SS |
| UNITED STATES POSTAL SERVICE | § § | |

### ORDER ON IN FORMA PAUPERIS STATUS AND
### REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff Bruce Trudo's Motion to Proceed In Forma Pauperis (Clerk's Dkt. #1), filed August 29, 2011, in relation to Plaintiffs' Original Complaint; Response to Order for More Definite Statement (Clerk's Dkt. #4) filed September 22, 2011; and Response to Order for More Definite Statement (Clerk's Dkt. #7), filed October 28, 2011. Because Plaintiffs are requesting permission to proceed in forma pauperis, this Court must review and make a recommendation on the merits of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e).[1]

---

[1] That statute provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)    the allegation of poverty is untrue; or
(B)    the action or appeal--
       (i)    is frivolous or malicious;

## I.  REQUEST TO PROCEED IN FORMA PAUPERIS

The Court has reviewed Plaintiffs' financial affidavits and determined they are indigent and should be granted leave to proceed in forma pauperis.  Accordingly, the Court hereby GRANTS Plaintiffs' requests for in forma pauperis status.  The Clerk of the Court shall file their complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a).  This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e).  Plaintiffs are further advised, although they have been granted leave to proceed in forma pauperis, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases.  *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiffs' claims be dismissed under 28 U.S.C. § 1915(e).  Therefore, service upon Defendant should be withheld pending the district judge's review of the recommendations made in this report.  If the district judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.  REVIEW OF THE MERITS OF THE CLAIMS

### A.     Factual Allegations

Plaintiffs Bruce Trudo ("Trudo") and Joseph L. Jackson ("Jackson") have filed their original complaint, suing their former employer, the United States Postal Service ("USPS"), alleging that the

---

    (ii)  fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

USPS terminated them because of their age, in violation of federal law. As relief, they seek reinstatement, back pay, attorney's fees and costs. Because Plaintiffs' original complaint provided insufficient information to properly evaluate their complaint under 28 U.S.C. § 1915(e)(2), the Plaintiffs were ordered to file a More Definite Statement, providing additional information in response to specific questions. Specifically, Plaintiffs were ordered to provide more detail concerning their allegations of discrimination in violation of federal law.

In Jackson's Response to Order for More Definite Statement, he references the Americans with Disabilities Act of 1990 ("ADA"), the Rehabilitation Act of 1973 ("RA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Age Discrimination Act of 1975 ("Age Discrimination Act"). In regard to his ADA and RA claims, Jackson asserts he suffers from a walking impairment and that he cares for a disabled son with a brain tumor. Jackson claims he was discriminated against based upon his disability because he was (1) assigned to drive from one building to another instead of a stationary position, (2) forced to walk in less than safe conditions at night since his disabled son wrecked his car, and (3) denied leave to take his disabled son to an appointment.

Regarding the ADEA and Age Discrimination Act claims, Jackson asserts that Plaintiffs were discriminated against based upon their age in terms of assignment of tasks, amount paid, and benefits received in comparison to younger, similarly situated employees. He further asserts that Plaintiffs were laid off before younger workers and were denied the opportunity to take an exam required to continue employment.

Plaintiff's Response to Order for More Definite Statement stated new causes of action, which lacked sufficient information to be properly evaluated under 28 U.S.C. § 1915(e)(2). The

undersigned thus ordered Plaintiffs to file another More Definite Statement, providing additional information in response to specific questions posed in the order. Specifically, Plaintiffs were ordered to provide more detail concerning whether they had fulfilled the procedural prerequisites to bring civil suits under the federal statutes they cited.

### B. Standard of Review

A district court "shall dismiss" a case brought in forma pauperis at any time if the court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.*, 490 U.S. at 327-28. A complaint duplicating claims asserted in an earlier case may be deemed malicious and subject to summary dismissal. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir.1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

The court must also initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states or foreign nations. 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995).

**C.     Discussion**

Regarding Plaintiffs' ADA claim, "no claim against the USPS is permitted under the ADA." *Smith v. Potter*, 400 Fed.Appx. 806, 812 (5th Cir. 2010). Thus, this claim is based on an indisputably meritless legal theory and should be dismissed as frivolous. Similarly, the Age Discrimination Act prohibits discrimination on the basis of age in "programs or activities receiving Federal financial assistance." 42 U.S.C. § 6101. The USPS does not qualify as a program or activity receiving Federal financial assistance as it is an agency of the federal government. *See, e.g., Sindram v. Fox*, 374 Fed.Appx. 302, 305 (3rd Cir.2010) (Congress did not intend ADA to include a cause of action against a federal agency or its employees); *Maloney v. Social Security Administration*, 517 F.3d 70, 74 (2nd Cir.2008) (federal agency does not come within ADA's reach). Thus, this claim is also based on an indisputably meritless legal theory and should be dismissed as frivolous.

Regarding Plaintiffs' disability discrimination claim under the RA, the RA adopts the remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964, including the procedural constraints for establishing a private cause of action as set forth in Title VII of the Civil Rights Act. *Smith*, 400 Fed.Appx. at 811 (citing 29. U.S.C. 794a(a)(1); *Prewitt v. United States Postal Serv.*, 662 F.2d 292, 304 (5th Cir.1981)). As a result, an employee can only pursue judicial relief under the RA by exhausting their administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity ("EEO") division of their agency. *Smith*, 400 Fed.Appx. at 811 (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir.2006)).

In the second Order for More Definite Statement, Plaintiffs were asked whether they filed a complaint of disability discrimination with the Equal Employment Opportunity ("EEO") division of the USPS. Plaintiffs responded that they had not filed a complaint with the EEO division of the

USPS. "Exhaustion of administrative remedies is a prerequisite to federal subject matter jurisdiction. . . . A failure to comply with this requirement deprives the district court of jurisdiction." *Smith*, 400 Fed.Appx. at 811 (citing *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir.1990)). Consequently, the RA cause of action must be dismissed. FED. R. CIV. P. 12(h)(3) (court shall dismiss action whenever it appears court lacks jurisdiction).

Regarding Plaintiffs' ADEA claim, a federal employee pursuing an age discrimination claim under the ADEA may pursue relief along two procedural paths—either pursue and exhaust administrative remedies or forgo administrative remedies and proceed directly to federal district court. *Smith*, 400 Fed.Appx. at 809-810 (citing *Stevens v. Dept. of Treasury*, 500 U.S. 1, 5 (1991); *White v. Frank*, 895 F.2d 243, 243-244 (5th Cir.1990)). When the individual has not filed a complaint concerning age discrimination with the [Equal Employment Opportunity] Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred. *Stevens*, 500 U.S. at 6 (quoting 29 U.S.C. § 633a(d)). In the second Order for More Definite Statement, Plaintiffs were asked whether they filed a complaint of age discrimination with the EEO division of the USPS, and, if not, whether they had provided proper notice to the Equal Employment Opportunity Commission (EEOC) of their intent to file a civil action. Plaintiffs responded that they had neither filed a complaint with the EEO division of the USPS nor provided notice to the EEOC of their intent to file a civil action. Plaintiffs thus fail to fulfill the procedural prerequisites necessary to bring a civil action under the ADEA, and the action must be dismissed.

## III. RECOMMENDATION

The Court hereby GRANTS Plaintiff's Motion to Proceed In Forma Pauperis. The undersigned magistrate judge RECOMMENDS the district judge dismiss Plaintiff's causes of action pursuant to 28 U.S.C. § 1915(e)(2)(B) and FURTHER RECOMMENDS that the District Court DENY all other pending motions and requests for relief.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Services Automobile Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE